IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

**ALEX ALEXANDER**                                                                                    **PLAINTIFF**

vs.                                           No. 9:21-cv-29

**CLEAN SHOT, LLC, MARK HENDERSON,**                  **DEFENDANTS**
**JERRON HOWELL, WFO RECYCLING, LLC,**
**and RYAN HATTHORN**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Alex Alexander ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Clean Shot, LLC, Mark Henderson, Jerron Howell, WFO Recycling, LLC, and Ryan Hatthorn (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff proper overtime compensation for all hours that he worked in excess of forty per week.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendants conduct business within the State of Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Defendant employed Plaintiff in Angelina County. Therefore, the acts complained of herein were committed and had their principal effect against Plaintiff within the Lufkin Division of the Eastern District of Texas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Angelina County.

7. Separate Defendant Clean Shot, LLC ("Clean Shot"), is a domestic limited liability company.

8. Clean Shot's registered agent for service of process is Jerron Howell, at 3038 County Road 205N, Henderson, Texas 75652.

9. Separate Defendant Mark Henderson ("Henderson") is an individual and resident of Texas.

10. Separate Defendant Jerron Howell ("Howell") is an individual and resident of Texas.

11. Separate Defendant WFO Recycling, LLC ("WFO"), is a domestic limited liability company.

12. WFO's registered agent for service of process is Ryan Keith Hatthorn, at 4710 Ellen Trout Drive, Lufkin, Texas 75904.

13. WFO does business as Clean Shot.

14. Separate Defendant Ryan Hatthorn is an individual and resident of Texas.

15. Defendants maintain a website at https://cleanshotllc.com/.

## IV.   FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17. Henderson is a principal, director, officer, and/or owner of Clean Shot.

18. Henderson took an active role in operating Clean Shot and in the management thereof.

19. Henderson, in his role as an operating employer of Clean Shot, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

20. Henderson, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

21. Howell is a principal, director, officer, and/or owner of Clean Shot.

22. Howell took an active role in operating Clean Shot and in the management thereof.

23. Howell, in his role as an operating employer of Clean Shot, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

24. Howell, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

25. Upon information and belief, Henderson and Howell sold Clean Shot to Hatthorn and WFO within the three years preceding the filing of this lawsuit.

26. Upon information and belief, Hatthorn and WFO assumed the predecessor's liabilities upon acquisition.

27. Hatthorn is a principal, director, officer, and/or owner of WFO and Clean Shot.

28. Hatthorn took an active role in operating WFO and Clean Shot and in the management thereof.

29. Hatthorn, in his role as an operating employer of WFO and Clean Shot, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

30. Hatthorn, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

31. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish

wages and wage policies and set schedules for their employees through unified management.

32. Upon information and belief, the revenue generated from Clean Shot and WFO was merged and managed in a unified manner.

33. Some of Plaintiff's paychecks came from Clean Shot and some of Plaintiff's paychecks came from WFO.

34. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

35. Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as vehicles.

36. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

37. Plaintiff regularly used the instrumentalities of interstate commerce such as the telephone and the internet in performing his job duties.

38. Defendants own and operate a car wash business.

39. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

40. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

41. Plaintiff worked for Defendant as a Supervisor from May of 2019 until December of 2020.

42. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid them wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

43. Defendant paid Plaintiff a day rate; Plaintiff was not paid a salary and he was not paid by the hour.

44. Defendant paid Plaintiff $150.00 per day and paid Plaintiff $75.00 when he worked a half-day.

45. Plaintiff regularly worked more than forty hours per week.

46. Plaintiff estimates he worked approximately 55 hours per week.

47. Defendant did not pay Plaintiff an overtime premium for hours worked over forty per week.

48. Plaintiff was not paid for days he did not work. In other words, his pay was docked when he worked fewer hours.

49. At all relevant times herein, Defendant has deprived Plaintiff of proper overtime compensation for all the hours worked over forty per week.

50. Plaintiff clocked in and out using the Square app.

51. Defendant knew or should have known that Plaintiff regularly worked over forty hours in a week.

52. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## VI. CLAIM FOR RELIEF—VIOLATION OF THE FLSA

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff asserts these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

58. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

60. Defendant knew or should have known that its actions violated the FLSA.

61. Defendant's conduct and practices, as described above, were willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least

three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

63. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Alex Alexander respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and its related regulations;

D. Judgment for liquidated damages pursuant to the FLSA and its related regulations;

E. An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ALEX ALEXANDER**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com